IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BERGER, | ) | |
| | ) | Civil Action No. 18 – 1324 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WARDEN ROBERT GILMORE, PENNSYLVANIA ATTORNEY GENERAL and DISTRICT ATTORNEY OF FAYETTE COUNTY, | ) ) ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**[1]

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Charles Berger ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 1.) For the reasons set forth herein, the Petition will be dismissed as untimely and denied in the alternative.

**A. Procedural History**

On March 8, 2011, Petitioner was convicted of possession with intent to deliver cocaine, possession of a controlled substance and driving under the influence of a controlled substance.[2] (Resp't Ex. 8, ECF No. 10-10; Ex. 9, ECF No. 10-11.) On March 23, 2011, Petitioner was sentenced by the trial court to a prison term of seven to fourteen years on the conviction of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. *See* ECF Nos. 13 & 14.

[2] 35 P.S. §§ 780-113(a)(3), (a)(16); 75 Pa. C.S.A. § 3802(d)(1)(ii).

1

possession with intent to deliver cocaine and to a consecutive prison term of three to six months on the conviction of driving under the influence of a controlled substance. (Resp't Ex. 10, ECF No. 10-12; Ex. 11, ECF No. 10-13.) No further penalty was imposed on the conviction of possession of a controlled substance. Id. Petitioner filed post-sentence motions (Resp't Ex. 13, ECF No. 10-15; Ex. 14, ECF No. 10-16), which the trial court denied (Resp't Ex. 19, ECF No. 10-21). He then filed a timely appeal (Resp't Ex. 20, ECF No. 10-22) and his judgment of sentence was affirmed by the Pennsylvania Superior Court on January 10, 2013 (Resp't Ex. 23, ECF No. 10-25; Ex. 25, ECF No. 10-27); *see also* Commonwealth v. Berger, No. 1134 WDA 2011, 2013 WL 11283771 (Pa. Super., Jan. 10, 2013). Petitioner next filed a petition for allowance of appeal ("PAA"), which the Pennsylvania Supreme Court denied on August 14, 2013. (Resp't Ex. 26, ECF No. 10-28; Ex. 27, ECF No. 10-29.) He did not seek further review with the United States Supreme Court.

On October 2, 2013, Petitioner, through counsel, filed a petition for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Resp't Ex. 31, ECF No. 10-33.) A PCRA hearing was held on June 16, 2015 (Resp't Ex. 35, ECF No. 10-37), and the PCRA court denied the petition on July 7, 2015 (Resp't Ex. 36, ECF No. 10-38). Petitioner appealed (Resp't Ex. 37, ECF No. 10-39), and on June 27, 2016, the Superior Court remanded to the PCRA court for a hearing. (Resp't Ex. 42, ECF No. 10-44); *see also* Commonwealth v. Berger, No. 1173 WDA 2015, 2016 WL 4697950 (Pa. Super., June 27, 2016). On July 17, 2016, prior to the hearing, Petitioner sent the PCRA court a letter expressing his desire to withdraw his first PCRA petition, and, at the hearing on July 26, 2016, Petitioner reiterated his desire to withdraw the petition. *See* Commonwealth v. Berger, No. 1173 WDA 2015, 2016 WL 6080495 (Pa. Super., Oct. 17, 2016). The PCRA court then entered an order that, among other things,

granted Petitioner's request to withdraw his PCRA petition. (Resp't Ex. 47, ECF No. 10-49.) On October 17, 2016, the Superior Court determined that Petitioner's withdrawal of his PCRA petition made his appeal moot and dismissed it accordingly. (Resp't Ex. 56, ECF No. 10-58); *see also* Commonwealth v. Berger, No. 1173 WDA 2015, 2016 WL 6080495 (Pa. Super., Oct. 17, 2016).

On September 21, 2016, after Petitioner expressed his desire to withdraw his first PCRA petition but before the Superior Court ruled that Petitioner's appeal from the denial of that petition was moot, Petitioner filed a second PCRA petition, this time *pro se*. (Resp't Ex. 51, ECF No. 10-53.) On October 24, 2016, the PCRA court entered its notice of intent to dismiss the petition on the basis that it was untimely and that he failed to satisfy any exception to the PCRA's time-bar. (Resp't Ex. 53, ECF No. 10-55.) On November 9, 2016, Petitioner filed a motion for an extension of time to respond to the notice and to file an amended PCRA petition. (Resp't Ex. 54, ECF No. 10-56.) The PCRA court granted that motion and gave Petitioner an additional thirty days (until December 15, 2016) to respond to the court's notice and to file an amended PCRA petition. (Resp't Ex. 55, ECF No. 10-57.) On December 8, 2016, Petitioner filed another motion for an extension of time to file an amended PCRA petition. (Resp't Ex. 57, ECF No. 10-59.) On December 21, 2016, the PCRA court issued an opinion and order denying Petitioner's second PCRA petition as untimely and for his failure to respond to the notice of intent to dismiss. (Resp't Ex. 58, ECF No. 10-60.) The PCRA court did not address Petitioner's December 8, 2016 motion, but rather stated that he had not filed anything since his November 9, 2016 motion for an extension. Id.

On January 11, 2017, Petitioner filed a timely appeal from the PCRA court's order (Resp't Ex. 59, ECF No. 10-61), and he also filed a motion for reconsideration of the PCRA

3

court's order arguing that the PCRA court erred in not ruling on his December 8th motion (Resp't Ex. 60, ECF No. 10-62). He attached an amended PCRA petition to his motion for reconsideration. (Resp't Ex. 61, ECF No. 10-63.) On January 26, 2017, the PCRA court entered an order denying the motion for reconsideration and motion for an extension of time to file an amended PCRA petition.[3] (Resp't Ex. 62, ECF No. 10-64.) On December 22, 2017, the Superior Court held that the PCRA court correctly concluded that it lacked jurisdiction to consider Petitioner's second PCRA petition because it was untimely filed. (Resp't Ex. 64, ECF No. 10-66.) Petitioner filed a PAA, which the Pennsylvania Supreme Court denied on August 6, 2018. (Resp't Ex. 65, ECF No. 10-67.)

At the earliest, Petitioner filed his Petition for Writ of Habeas Corpus in this case on September 25, 2018.[4] (ECF Nos. 1-3.) His Petition contains a single claim challenging the warrantless search of his vehicle that Petitioner claims was illegal under the Fourth Amendment because the police lacked probable cause and no exigent circumstances were present. (ECF No. 2, pp.2-3.) Essentially, he argues that the trial court erred in denying his omnibus pretrial motion to suppress the evidence obtained as a result of that warrantless search. Respondents filed their Answer to the Petition on January 2, 2019, and they argue, among other things, that the Petition should be dismissed because it was untimely filed. (ECF No. 10.)

---

[3] However, the Superior Court later determined on appeal that the PCRA court's order dated January 26, 2017 was a nullity and that Petitioner's December 8th motion for an extension of time was denied by operation of law after he filed his notice of appeal on January 11, 2017. (Resp't Ex. 64, ECF No. 10-66, p.3.)

[4] This is the filing date pursuant to the prison mailbox rule. *See* Houston v. Lack, 487 U.S. 266 (1988).

4

B. **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1).

Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any equitable tolling should be applied on the facts presented or whether the petitioner has satisfied the fundamental miscarriage of justice exception to excuse the untimely filing of his/her petition.

Here, the "trigger date" for Petitioner's claim is the date that his judgment of sentence became final by the conclusion of direct review. [5] In this case, Petitioner's judgment of sentence was affirmed on direct appeal on January 10, 2013, and his PAA was denied by the Pennsylvania Supreme Court on August 14, 2013. Because Petitioner did not seek further review in the United States Supreme Court, his judgment of sentence became "final" 90 days later, or on November 12, 2013, when the time for filing a petition for writ of certiorari expired. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Accordingly, absent any tolling, Petitioner had one year from that date, or until November 12, 2014, to file a timely federal habeas petition in this Court. Because the Petition was not filed until September 25, 2018, the Court will next consider whether any portion of the one-year limitations period was tolled.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Here, Petitioner's first PCRA petition was filed on October 2, 2013, prior to the date

---

[5] Petitioner's single claim does not involve newly enunciated constitutional rights, the facts supporting the claim are not newly discovered and he does not argue that a state-created impediment prevented him from filing his application for habeas relief in a timely manner. Therefore, the "trigger date" for his claim is provided for in § 2244(d)(1)(A).

his judgment of sentence became final on November 12, 2013. As a result, the statute of limitations was tolled for the duration of those proceedings, which remained pending until October 17, 2016, the day the Superior Court entered an order dismissing Petitioner's appeal after Petitioner's request to voluntarily withdraw his PCRA petition had been granted by the PCRA court. However, before the Superior Court entered its order dismissing the appeal of Petitioner's first PCRA petition, Petitioner filed a second PCRA petition on September 21, 2016, which he maintains further tolled the statute of limitations in this case. *See* (ECF No. 2, pp.1-2.) The state courts determined that this second PCRA petition was untimely filed under the PCRA, and when such a petition is found to be untimely under state law it is not considered "properly filed" and does not toll the statute of limitations for a federal habeas corpus petition. *See* <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005); <u>Horn v. Fahy</u>, 534 U.S. 944 (2001) (holding that a PCRA petition dismissed by the state court as time-barred was not "properly filed" and therefore does not toll the statute of limitations for a federal habeas corpus petition). Therefore, Petitioner's assertion that the statute of limitations was tolled until the Pennsylvania Supreme Court denied his PAA for his second PCRA petition on August 6, 2018 is incorrect. Instead, Petitioner's one-year limitations period commenced running on October 18, 2016, the day after the Superior Court dismissed the appeal of his first PCRA petition, and the statute expired one year later, on October 18, 2017. As previously stated, the Petition was not filed in this case until September 25, 2018, and therefore it is untimely.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by application of the doctrine of equitable tolling or the fundamental miscarriage of justice exception. Petitioner, however, does not seem to acknowledge that his Petition was untimely filed and therefore does not allege any facts to support entitlement to any equitable tolling or that

7

demonstrate a fundamental miscarriage of justice. Thus, the Petition must be dismissed as untimely.

### C. Stone v. Powell

Notwithstanding the Petition's untimeliness, it will be denied in the alternative because the one claim it contains is not cognizable in federal habeas review. Petitioner challenges the trial court's denial of his omnibus pretrial motions after the trial court found that police had probable cause to approach his vehicle, question him and place him in custody and also had probable cause to perform an inventory search of his vehicle prior to it being towed to a public impound lot.

Such a claim must be assessed by reference to the United States Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976), which held as follows: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Additionally, it is a petitioner's burden to show that the prohibition of Stone v. Powell is not applicable based on a claim that he was denied a full and fair opportunity to litigate the Fourth Amendment claim in the state courts. Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001) ("The petitioner bears the burden of proving that his case fits within the contours of the [Stone v. Powell] exception", i.e., that the State did not afford him a full and fair opportunity to litigate the Fourth Amendment claim.). *See also* Deputy v. Taylor, 19 F.3d 1485, 1490 (3d Cir. 1994) (rejecting a Fourth Amendment claim because the petitioner had had a full and fair opportunity to litigate it in the state court, and noting that under Stone, "[e]ven otherwise potentially meritorious Fourth

Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them.").

The United States Supreme Court has not expressly articulated what it means to have a full and fair opportunity to litigate a Fourth Amendment claim in state court. However, the Third Circuit has interpreted the phrase "opportunity for full and fair litigation" in Stone as requiring only that no structural defect in the system prevents state courts from hearing a petitioner's Fourth Amendment claim. Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir.2002). It has found that the requisite "opportunity for full and fair litigation" was satisfied, for example, when the state courts provided an opportunity for a pretrial suppression motion and the Superior Court considered the Fourth Amendment claim on appeal. *See* United States ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) (characterizing Stone as "an insurmountable obstacle to habeas corpus relief" where state courts afforded a full and fair opportunity to litigate Fourth Amendment question). It has made clear that a state court's allegedly erroneous resolution of a petitioner's claim does not amount to denial of an opportunity for full and fair litigation. Stone does not require a federal court to review the state court's fact finding or its application of Fourth Amendment law. *See* Willett v. Lockhart, 37 F.3d 1265, 1272-73 (8th Cir. 1994) (federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation."); Chavez v. Weber, 497 F.3d 796, 801-02 (8th Cir. 2007) (standard of review; if state afforded opportunity for full and fair litigation of Fourth Amendment claim, habeas relief is unavailable even if legal or factual error occurred).

In this case, Petitioner had the opportunity for full and fair litigation of his Fourth Amendment claim. He filed omnibus pre-trial motions seeking, *inter alia*, to dismiss the charges

against him for lack of probable cause to approach and arrest him and search his vehicle and to suppress the evidence that was found as a result thereof. (Resp't Ex. 5, ECF No. 10-5.) A hearing on his motions was held on November 19, 2008 (Resp't Ex. 6, ECF No. 10-6; Ex. 6-A, ECF No. 10-7; Ex. 6-B, ECF No. 10-8), and, on December 15, 2008, the trial court entered an order finding that the police had probable cause (Resp't Ex. 7, ECF No. 10-9). Petitioner challenged the trial court's denial of his omnibus motion to suppress on direct appeal, and the Superior Court set forth the following factual history with respect to what evidence was admitted at the hearing.

> In the instant case, the Commonwealth presented evidence at the omnibus pretrial hearing that two state troopers found [Petitioner] in the driver's seat of a vehicle, which was stuck in a culvert on a roadway, with the engine still running. N.T., 11/19/08, at 4-5. [Petitioner] was unresponsive to the troopers' questions and commands. Id. at 7-10. The troopers had to pull [Petitioner] out of the vehicle. Id. at 9. Trooper Aaron Gilbert suspected that [Petitioner] was under the influence of a narcotic because of his lack of responsiveness, lack of odor of alcohol, and fixed, bloodshot eyes. Id. at 11. After calling for a tow of the vehicle, Trooper Gilbert conducted an inventory search, during which he recovered a white powdery substance, later identified as 125 grams of cocaine, in a clear plastic bag in the unlocked center console of the vehicle. Id. at 11-13. Another witness at the omnibus pretrial hearing, Corporal Dennis Ulery, gave expert testimony that, based on the large amount of cocaine seized and the lack of any drug paraphernalia indicating personal use, [Petitioner] possessed the cocaine with the intent to deliver it. Id. at 32-34.
>
> The record shows that [Petitioner] was "physically unable to provide for the custody or removal of" his vehicle. Further, as [Petitioner] was arrested on charges of felonies and a misdemeanor as well as summary offenses, he was required to be taken before an issuing authority without delay. *See* Pa.R.Crim.P. 519(A)(1) (providing that, when a defendant has been arrested without a warrant in a court case, the defendant "shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay"); Pa.R.Crim.P. 103 (providing that a court case is one in which one or more of the offenses charged is, *inter alia*, a misdemeanor or felony). Thus, we conclude that the police lawfully impounded [Petitioner]'s vehicle.
>
> Further, the record demonstrates that the police acted "in accordance with a reasonable, standard policy of routinely securing and inventorying the contents of

> the impounded vehicle." See Hannigan, 753 A.2d at 255; N.T., 11/19/08, at 11, 28 (wherein Trooper Gilbert testified that, after calling for a tow of the vehicle, he conducted an inventory search pursuant to department policy, which was to perform an inventory search for valuables when a vehicle is being towed). Accordingly, we conclude that the trial court did not err in denying [Petitioner]'s Motion to suppress.

Commonwealth v. Berger, No. 1134 WDA 2011, 2013 WL 11283771, at *3 (Pa. Super., Jan. 10, 2013).

The above demonstrates that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, and, as such, even if his Petition were timely filed, Stone v. Powell bars his claim.

### D. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. As provided for in 28 U.S.C. § 2253, "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Petitioner has not

11

made the requisite showing in these circumstances. Accordingly, a certificate of appealability will be denied. A separate order will issue.

Dated: February 14, 2020.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BURGER, | Civil Action No. 18 – 1324 |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| WARDEN ROBERT GILMORE, PENNSYLVANIA ATTORNEY GENERAL and DISTRICT ATTORNEY OF FAYETTE COUNTY, | |
| Respondents. | |

## **ORDER**

**AND NOW**, this 14th day of February, 2020;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed as untimely and denied in the alternative.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Charles Berger
LM8308
SCI Greene
169 Progress Drive
Waynesburg, PA 15370

Counsel of record
(Via CM/ECF electronic mail)